UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRENDA C. ARMSTEAD,

                    Plaintiff,

-against-

MERRICK BANK,

                    Defendant.

------------------------------------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM AND ORDER**
08-CV-4291 (CBA)(LB)

AMON, United States District Judge:

Plaintiff, a resident of Florida, brings this *pro se* action pursuant to the Court's diversity jurisdiction naming the defendant bank located in Nassau County, New York. Plaintiff seeks an order directing the defendant to stop assessing certain charges to her credit card account, and if defendant fails to comply with her demands, an order revoking defendant's "state business license." (Compl. at 5, "Petition to Revoke License.") The action was transferred to this Court by the United States District Court for the Southern District of New York by Order dated October 9, 2008. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. As set forth below, plaintiff is directed to show cause within thirty days why this action should not be dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff's complaint is skeletal. She names only the parties and marks the basis for subject matter jurisdiction. Plaintiff refers the Court to an "enclosed petition" in every other section of the complaint form she utilizes, including statement of claim, injuries and relief. (Compl. at 3-4.) The attached "Petition to Revoke License" provides some illumination as to her

1

claims. (Compl. at 5.) Plaintiff owes defendant money for a credit card debt. (Id.) She alleges that she incurred charges because she was not receiving her forwarded mail and that her debt has been handed over to a collection agency. (Id.) In essence, plaintiff seeks the Court's intervention in negotiating a payment plan between the parties: "Plaintiff also seeks from this Honorable Court a court order to this credit card company to bring the balance back to $1200 with a minimum balance due until account is paid in full-$1200 with continued use of card." (Id.) There is a modicum of additional information in her request to proceed *in forma pauperis*. She states that she wants "to pay Merrick Bank a reasonable fair minimum payment without these extreme interest charges and pay this account in full. I have paid it off before but they refuse to listen to me." (Request to proceed *in forma pauperis* at ¶ 8.)

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). However, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, under 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, under 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583

2

(1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id.; see also Fed. R. Civ. P. 12(h)(3).

Plaintiff purports to bring this action pursuant to the court's diversity jurisdiction.[1] The Court finds that she has not alleged a basis for diversity jurisdiction. While the parties reside in different jurisdictions, plaintiff in Florida and defendant in New York, plaintiff has not alleged that she exceeds the $75,000 amount in controversy requirement. The amount in controversy must be non-speculative in order to satisfy the jurisdictional statute. See Chase Manhattan Bank, N.A. v. American Nat. Bank & Trust Co. of Chicago, 93 F.3d 1064 (2d Cir. 1996) (party invoking diversity jurisdiction bears burden of proof that the claim meets jurisdictional amount); Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994) (subject matter jurisdiction does not exist when plaintiff could not recover amount required for diversity jurisdiction); Brown v. Bodak, 188 F. Supp. 532, 534 (S.D.N.Y. 1960) ("If plaintiffs could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of [the increased jurisdictional amount] would be largely negated."). Plaintiff has not provided any basis on which she could satisfy the amount in controversy requirement; indeed, the only number she cites falls far short of $75,000.

---

[1] Plaintiff clearly states that she is not invoking the court's federal question jurisdiction, (Compl. at 2), and the court sees no basis for federal question jurisdiction even when affording the complaint a broad construction.

## CONCLUSION

For the reasons stated above, this Court, exercising its independent obligation to determine whether subject-matter jurisdiction exists under Arbaugh, finds no basis for subject-matter jurisdiction within the four corners of the complaint. In light of plaintiff's *pro se* status and uncertainties concerning plaintiff's claim, plaintiff is afforded thirty days to file an affidavit demonstrating that she can meet the amount in controversy requirement and showing cause why the action should not be dismissed for lack of subject-matter jurisdiction. All further proceedings shall be stayed until plaintiff has complied with this Order, but in no event longer than thirty days.

If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/

Dated: Brooklyn, New York
November 12, 2008

Carol Bagley Amon
United States District Judge