UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

BRENDA C. ARMSTEAD,

                Plaintiff,

    -against-

MERRICK BANK,

                Defendant.

_____X

**NOT FOR ELECTRONIC OR
PRINT PUBLICATION
MEMORANDUM AND ORDER**
08-CV-4291 (CBA)(LB)

AMON, United States District Judge:

Plaintiff, a resident of Florida, filed this *pro se* action pursuant to the Court's diversity jurisdiction naming the defendant bank located in Nassau County, New York. By Order dated November 12, 2008, plaintiff was directed to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Specifically, plaintiff was directed to demonstrate that the amount in controversy exceeded $75,000 requirement. 28 U.S.C. § 1332. Plaintiff submitted two documents, neither of which provide a basis for this Court's jurisdiction. For the reasons set forth below, the action is dismissed.

The Court has reviewed the submissions and since plaintiff is proceeding *pro se*, the Court has construed both the complaint and plaintiff's "Ordered Affidavit" and "Addendum to Cause" to raise the strongest arguments they suggest. Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). They do not however provide the needed basis for jurisdiction.

Plaintiff's affidavit states, in relevant part:

2.  Basis to go forward with cause: The Banking Emergency Act 1933 during

> Franklin Roosevelt's Administration and efforts to assist during the depression
> established the FDIC that protects money in banks.
> 3. The FDIC needs to be extended to protect the Stock Market investments. This meets your
> amount.
>> 4. Further, trading on any particular stock needs to be suspended temporarily until
>> a stock regains stability if it falls to a certain level that is lethal to the Market.
>> Once the Problem with the stock has been resolved - trading can resume. There
>> needs to be a fixed amount stops the stock from dropping any further.
>> 5. #2, 3, 4 serves as support that plaintiff can satisfy the amount in controversy.

("Ordered Affidavit.")

Thus, construing her submissions liberally, plaintiff's arguments in support of jurisdiction

is two-fold: (1) The Banking Emergency Act of 1933 provides federal question jurisdiction and

(2) that her personal credit card dispute is somehow tied to the financial crisis and that satisfies

the amount in controversy for diversity question. The Banking Emergency Act of 1933 does not

provide this Court with jurisdiction over plaintiff's cause of action. The Banking Emergency Act

was an executive order entered in 1933 declaring an emergency and prohibiting the hoarding of

gold coin or gold bullion within the continental United States, and prescribed regulations for

carrying out the purposes of that order. It simply has no relevance to plaintiff's action and

certainly does not provide a basis for jurisdiction over her claim.

Regarding her effort to satisfy the amount in controversy by tying her dispute with

Merrick Bank over a credit card debt to the financial crisis on Wall Street, the Court is not

persuaded. The amount of money at issue in plaintiff's action is merely the total of her credit

card debt and does not exceed the $75,000.00 jurisdictional amount.

Since subject-matter jurisdiction, because it involves the court's power to hear a case, can

never be forfeited or waived," United States v. Cotton, 535 U.S. 625, 630 (2002), and plaintiff's

submissions fail to provide a basis for this Court's subject matter jurisdiction, the action must be

and hereby is dismissed. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C.

§1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in*

*forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S.

438, 444-45 (1962).

**SO ORDERED.**

s/Hon. Carol B. Amon

Dated: Brooklyn, New York
       Occ. 23 , 2008

Carol B. Amon
United States District Judge